**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>) <br>**Plaintiff,** )<br>)<br>v. )<br>) **Case Nos.  12-20019-02-CM (Criminal)**<br>)                    **14-2059-CM (Civil)**<br>**PABLO VALDOVINOS BRAVO,** )<br>)<br>)<br>**Defendant.** )<br>_____ ) | |

## MEMORANDUM AND ORDER

Presently before the court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 47) filed pro se by defendant Pablo Valdovinos Bravo. Defendant did not file a memorandum in support of his motion. The government filed a response, and defendant filed a reply. For the reasons below, the court denies defendant's motion.

**I.  Background**

On July 3, 2012, defendant pleaded guilty to Count 1 of the Indictment, which charged him with conspiracy to distribute and possess with intent to distribute, more than 50 grams of methamphetamine, in violation of Title 21, U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). Defendant entered into a plea agreement with the government. On October 1, 2012, the court sentenced defendant to 189 months imprisonment to run concurrently with a revocation sentence previously imposed in the Western District of Missouri. Defendant did not file a direct appeal.

In his motion, defendant raises the following grounds for relief: (1) ineffective assistance of counsel for failure to object to anything in the presentence investigation report ("PSR"); (2) ineffective

-1-

assistance of counsel for failure to properly review the PSR with defendant before sentencing; and (3) ineffective assistance of counsel for failure to appeal the sentence upon defendant's request.

**II.     Legal Standards**

A defendant is entitled to relief under 28 U.S.C. § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. "The standard of review of Section 2255 petitions is quite stringent," and "[t]he court presumes that the proceedings . . . were correct." *United States v. Illescas*, Nos. 04-20120-JWL, 05-3411-JWL, 2006 WL 1517760, at *1 (D. Kan. May 26, 2006) (quoting *United States v. Nelson*, 177 F. Supp. 2d 1181, 1187 (D. Kan. 2001) (citations omitted)). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a complete miscarriage of justice." *Id.* (citation omitted).

In analyzing a habeas petitioner's claim for ineffective assistance of counsel, the court applies the general standard set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must meet a two-prong test. First, he must demonstrate that his attorney's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court gives considerable deference to an attorney's strategic decisions and strongly presumes that the attorney has provided adequate assistance and made all significant decisions using reasonable professional judgment. *Id.* at 690. Second, a habeas petitioner must show that he was prejudiced by trial counsel's deficient performance, which requires that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Further, in deciding an ineffective assistance of counsel claim, the court is not required to address both prongs of the test if one prong is not met. *Id.* at 697.

## III. Discussion

### A. Timeliness of Motion

Defendant was sentenced on October 1, 2012. He did not file a direct appeal. Defendant filed the instant motion on February 10, 2014. (Doc. 47.) Defendant claims he originally attempted to file his § 2255 motion on September 29, 2013. In support, he attaches to his present motion the following documents: (1) an undated letter[1] to the Clerk of the Court asking for confirmation that his § 2255 motion had been filed; (2) a letter dated February 7, 2014, addressed to the Clerk of the Court noting that he is attaching a copy of his § 2255 motion that he allegedly previously sent on September 29, 2013; and (3) an affidavit swearing that he sent his original § 2255 to the Clerk of the Court by placing the motion "in the prison mailbox" on September 29, 2013. (*Id.* at 7–9.) Defendant's affidavit states that after he inquired into the status of his § 2255 motion (presumably in the letter referenced in item (1) above), he was informed by the "attached letter" that his motion was never received. (*Id.* at 8.) Defendant did not attach any letter from the Clerk of the Court.[2] Defendant signed the affidavit, swearing that the instant motion is a "true and correct copy of the original motion which [he] originally sent to the court on 9-29-13 under Title 28 U.S.C. § 1746." (*Id.* at 8.)

---

[1] In this letter, defendant writes, "I write unto this Court concerning a 2255 motion sent to this Court on January 17, 2013 for the above referenced reason." (Doc. 47 at 9.) In his reply, defendant states that the date contained in the body of this letter—January 17, 2013—was not the date on which he sent his original motion, but rather that "the date was incorrectly entered as the same date which petitioner sent the letter to the Clerk of the Court inquiring into the status of his 28 U.S.C. § 2255." (Doc. 53 at 2.) Defendant's reply states the date as January 13, 2014, instead of January 17, 2013. The government's response also cited the date incorrectly as January 13, 2014. Construing defendant's statements liberally, the court assumes that defendant is arguing he sent the letter to the Clerk of the Court on January 17, 2014.

[2] In his reply, defendant states his belief that he received the response from the Clerk of the Court "on or about the first week of February 2014." (Doc. 53 at 2.)

-3-

The government contends that defendant's motion should be denied as untimely. Judgment was entered against defendant on October 1, 2012. Because he did not file an appeal, defendant's conviction became final fourteen days after judgment was entered, on October 15, 2012. *See* Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Escarcega*, Nos. 07-20100, 12-2215, 2012 WL 2601942, at *2 (D. Kan. July 5, 2012) ("Where a defendant does not file an appeal, his conviction becomes final on the date when the time for filing an appeal expires.") (citing *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006)). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there is a one-year limitation period for prisoners seeking habeas relief. *See* 28 U.S.C. § 2255(f)(1)–(4). Defendant does not allege, and the court does not find, that any of the situations in § 2255(f)(2)–(4) are present. Thus, § 2255(f)(1) applies and the one-year period runs from the latest of the date on which defendant's judgment became final. *See id.* Defendant's deadline to file his motion was October 15, 2013; he did not file his motion until February 10, 2014.

The AEDPA period of limitation "may be tolled for equitable reasons, but only 'in rare and exceptional circumstances.'" *Escarcega*, 2012 WL 2601942, at *2 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). These circumstances include (1) that the defendant has been diligently pursuing his rights, and (2) was prevented from doing so by extraordinary circumstances. *United States v. Grealish*, No. 13-4182, 2014 WL 2180264, at *2 (10th Cir. May 27, 2014) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Gibson*, 232 F.3d at 808)).

Defendant has not shown that he has diligently pursued his rights. Although defendant states in his undated letter that he was sent to a special housing unit for eight months and all of his personal documents and records were misplaced and/or lost, he does not allege when this occurred, he does not allege that his legal materials were seized, and he does not detail any requests he made for the return of the materials. *Cf. United States v. Gabaldon*, 522 F.3d 1121, 1126–27 (10th Cir. 2008) (finding due

-4-

diligence when the defendant alleged that prison officials denied him access to legal documents despite timely requests for the return of the documents before the deadline).

Further, defendant does not claim he is actually innocent, that uncontrollable circumstances prevented him from meeting the deadline, or that he actively pursued relief but filed a defective pleading before the deadline passed. *See Gibson*, 232 F.3d at 808. Accordingly, no exceptional circumstances exist to support equitable tolling of the one-year limitation period in this case.

Although neither party raised the issue, the court did consider whether defendant's motion would be considered timely filed under the prison mailbox rule. This rule provides that a prisoner's §2255 motion is timely filed if it is placed in the prison mail system on or before the last day for filing. *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005); *United States v. Gray*, 182 F.3d 762, 765 n.4 (10th Cir. 1999) (applying the prison mailbox rule to motions filed under 28 U.S.C. § 2255). "'However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue.'" *Price*, 420 F.3d at 1165 (quoting *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004)).

An inmate can establish compliance with the prison mailbox rule in one of two ways. First, if the prison has a legal mail system, then the prisoner must use it. *Id.* (citations omitted). Second, if the inmate does not have access to a legal mail system, or if the legal mail system does not satisfy the mailbox rule, then the prisoner may "submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the [motion's] date of deposit with prison officials and attest that first-class postage was pre-paid." *Id.* (quoting *Ceballos-Martinez*, 387 F.3d at 1143 (internal quotation marks omitted)).

But defendant did not specify that he used the prison's legal mail system; instead, his affidavit stated only that he deposited his § 2255 in the "prison mail box." (Doc. 47 at 8.) Nor did he allege

-5-

"that he did not have access to a legal mail system and thus could send his petition through regular mail and still qualify for the mailbox rule." *United States v. Rodriguez*, 422 F. App'x 668, 670 (10th Cir. 2011) (citing *Price*, 420 F.3d at 1166).  Even if no legal mail system was available, defendant did not provide a notarized statement or declaration under penalty of perjury in compliance with 28 U.S.C. § 1746, setting forth the date of deposit and attesting that first-class postage was pre-paid.  Rather, he stated in his affidavit only "I Hereby do swear" that he sent the § 2255 to the court on September 29, 2013, "under Title 28 U.S.C. § 1746."  (Doc. 47 at 8.)  Defendant has not demonstrated that he complied with the prison mailbox rule; thus, it offers him no relief.

For all of these reasons, defendant's motion is untimely.  Even if defendant's motion was timely, the court would deny it for the reasons below.

> **B. Ground One: Failure to Object to Anything in the PSR;**
> **Ground Two: Failure to Properly Review the PSR with Defendant before Sentencing**

The court considers defendant's first two grounds for relief together because they are related. The government treats the first two grounds as a single ground for relief and it does not argue that defendant waived the right to raise these grounds in his plea agreement.  Defendant first argues that his attorney was ineffective "[f]or failure to object to anything in the P.S.I."  (*Id.* at 4.)  Defendant provides little information in support of this ground for relief.  First, he states that his attorney did not object to probation's findings in the PSR.  Second, he states that, when asked whether there were any objections to the findings, his counsel said that the findings were correct and there were no objections.

Under the supporting facts for ground one, defendant also argues that his attorney failed to review the PSR with him before sentencing, but this is also the argument for defendant's second ground for relief.  (*Id.*)  In support of this second ground, defendant states that he "was told by counsel that [he] did not need to review the P.S.I." and that his counsel had already reviewed it.  (*Id.*)  The first

-6-

two grounds are related, as defendant argues that his attorney's failure to review the PSR with him before sentencing precluded defendant from making his own objections or directing his attorney to file certain objections.

At his sentencing hearing, the court determined that defendant's total offense level was 33 and his criminal history category was III, resulting in a guideline range of 168 to 210 months imprisonment. The court sentenced defendant to 189 months imprisonment and granted defendant's request to run his sentence concurrently with his sentence in another case. At the hearing, the court informed defendant that had the government filed an information pursuant to 21 U.S.C. § 851, defendant would face a mandatory minimum of 240 months.

At the sentencing hearing, the court asked defense counsel whether he had reviewed the PSR with defendant, and defense counsel stated that he had "read the full report to him." (Doc. 52-1 at 4.) His attorney also confirmed that he had informed defendant of the possible sentencing outcomes and consequences based on the information in the report. (*Id.*) The court then had the following discussion with defendant directly:

> THE COURT: Now, Mr. Valdovinos Bravo, I asked your attorney whether or not he had gone over this report with you, and he said he had. Is that correct?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Then I asked him whether or not he had informed you of what was contained in the report.
> THE DEFENDANT: Yes.
> THE COURT: I also asked him whether or not he had informed you of the possible sentencing outcomes or sentencing consequences that could take place based on the information in the report, and he said he had done that as well.
> THE DEFENDANT: Yes.

(*Id.*)

After that, defendant is correct that the court questioned defense counsel at the sentencing hearing as to whether there were any objections to the PSR. Specifically, the following discussion occurred:

> THE COURT: I'll note for the record there were no challenges and/or objections filed to the report. Are there any challenges or objections being made to the report at this time by defendant, Mr. D'Arcy?
> MR. D'ARCY: No, Your Honor. We just had one question of Mr. Derby which he explained to our satisfaction.

(*Id.* at 4–5.)

But defendant fails to mention that the court then directly asked defendant:

> THE COURT: Is that correct, Mr. Valdovinos Bravo?
> THE DEFENDANT: Yes.

(*Id.* at 5.) The court stated that the guideline range was 168 to 210 months and noted that no objections were made.

Defendant's first ground—that defense counsel failed to object to anything in the PSR—is broad and conclusory. Defendant does not specify which objections his attorney should have made, or which portions of the PSR were incorrect. The court recognizes that "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). But the court will not make arguments on defendant's behalf. *Id.* at 1110 ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Defendant argues (as his second ground for relief) that he made no objections because his attorney failed to review the PSR with him before his sentencing hearing. But the sentencing transcript quoted above directly contradicts this contention.

Accordingly, defendant has failed to show defense counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced his defense. As to the first ground, defendant did not show that his attorney was ineffective for his "failure to object to anything" in the PSR. *See Rhea v. United States*, Nos. 2:06-CR-33, 2:10-CV-223, 2010 WL 4117159, at *7 (E.D. Tenn. Oct. 19, 2010) (denying the defendant's claim that counsel was ineffective for his

-8-

failure to object to "anything in the P.S.R." and noting that the defendant "failed to develop the argument or to allege any facts upon which he bases his conclusory allegations of ineffective assistance of counsel"). And defendant's second ground for relief is contradicted by defendant's sworn statements in open court that his attorney reviewed the PSR with him before his sentencing hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Defendant has failed to show that he received ineffective assistance of counsel on grounds one and two. Grounds one and two are denied.

### C.  Ground Three: Failure to Appeal Sentence Upon Defendant's Request

In his third ground for relief, defendant argues his attorney was ineffective for failure to file a direct appeal despite defendant's direction to do so. The government argues that defendant waived his rights to appeal except under certain circumstances, which do not apply here. The plea agreement waiver states:

> **10.    Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 24 at 6–7.)

Defendant's sentence was within the applicable guideline range, and the government did not appeal. Defendant maintains his right to challenge his attorney's conduct as ineffective, however. But, as the government argues, defendant is barred from challenging his sentence on appeal because he received a sentence within the applicable guideline range. The government argues that "defendant cannot assert his attorney was ineffective for failing to appeal something the plea agreement prohibits . . . defendant from appealing." (Doc. 52 at 6.) Thus, the court must determine whether the waiver is enforceable.

A waiver of a defendant's collateral attack rights brought under § 2255 is enforceable "where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). In most instances, "a court will hold a defendant to the terms of a lawful plea agreement." *United States v. Villegas-Cortez*, Nos. 10-20100-07-CM, 13-2548-CM, 2014 WL 2048169, at *4 (D. Kan. May 19, 2014) (citing *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998)). In determining whether the waiver is enforceable, the court analyzes the three following factors: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant waived his rights knowingly and voluntarily; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

**First**, the disputed issue here falls within the scope of the waiver. Defendant expressly waived his right to appeal a sentence within the guideline range or to attack his sentence in any collateral proceeding, including a motion brought under 28 U.S.C. § 2255. Defendant filed a § 2255 motion here, arguing that his attorney was ineffective for failing to file an appeal on his behalf.

The specific ground at issue here—whether his attorney was ineffective for failing to file an appeal—also falls within the scope of the waiver. Under *Cockerham*, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187. But collateral attacks that do not challenge the validity of the plea or waiver can be waived. *Id.*

Here, defendant waived his right to bring an ineffective assistance claim based on his counsel's failure to appeal "because counsel's alleged failure to file an appeal does not undermine the validity of the plea or the waiver." *See United States v. Viera*, 674 F.3d 1214, 1218–19 (10th Cir. 2012) (citing *Cockerham*, 237 F.3d at 1187); *Ramirez v. United States*, Nos. 2:12-CV-274 TS, 2:09-CR-784 TS, 2012 WL 6596380, at *2 (D. Utah Dec. 18, 2012), *certificate of appealability denied*, 517 F. App'x 642 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 664 (2013) ("Where, as here, the government seeks to enforce the collateral appeal waiver, the waiver will bar an appeal-related ineffective assistance claim when 'counsel's alleged failure to file an appeal does not undermine the validity of the plea or the waiver.'") (quoting *Viera*, 674 F.3d at 1219); *see also United States v. Falcon-Sanchez*, 416 F. App'x 728, 729–31 (10th Cir. 2011) (same); *United States v. Olden*, Nos. 04-CR-071-TCK, 06-CV-268-TCK-PJC, 2009 WL 2922989, at *2 (N.D. Okla. Sept. 9, 2009) (same).

Defendant does not attack the validity of his plea or waiver in this case. And the government seeks to enforce defendant's waiver. *See Viera*, 674 F.3d at 1217–19, 1218 n.4 (distinguishing cases in which the government did not argue that the defendants' plea agreement waivers barred their § 2255 motions with cases in which the government raises the waiver issue). Accordingly, the matter raised in ground three falls within the scope of the waiver.

**Second**, defendant's waiver was knowing and voluntary. In making this determination, the court considered the language of the plea agreement and the Rule 11 plea colloquy. *United States v.*

-11-

*Wilson*, No. 10-20064-JWL, 2012 WL 555072, at *3 (D. Kan. Feb. 21, 2012) (citing *United States v. Smith*, 500 F.3d 1206, 1210–11 (10th Cir. 2007)).  Here, the waiver explicitly states that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein . . . ."  (Doc. 24 at 6.)  The plea agreement includes an acknowledgement by defendant that he understands the plea agreement and that he had sufficient time to discuss the agreement with defense counsel.  (*Id.* at 8.)  And in both the plea agreement and his petition to enter a plea of guilty, defendant acknowledges that he was entering his plea of guilty freely and voluntarily.  (*Id.*; Doc. 23 at 4.)

The court reviewed the plea colloquy in this case, which included questioning of defendant in confirming his understanding that he was waiving his right to appeal or collaterally attack his sentence and that he was doing so freely and voluntarily.  The court finds that defendant's plea was knowing and voluntary.  Defendant has not argued otherwise, and the record does not support a finding to the contrary.

**Third**, enforcement of the waiver in this case would not result in a miscarriage of justice.  A miscarriage of justice occurs in situations "including (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful."  *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001) (citing *Cockerham*, 237 F.3d at 1182)).  Defendant has not shown that any of these circumstances are present.  And the record does not support a finding that any of these situations have occurred.

After considering these factors, the court finds that this matter is within the scope of the waiver, that defendant knowingly and voluntarily waived his right to appeal or collaterally attack his sentence,

-12-

and that it would not result in a miscarriage of justice to enforce the waiver. Therefore, the court enforces the waiver and defendant's third ground for relief is barred.

### D.  Request to stay case and get case file

In his reply, defendant asks the court to stay the case and order his attorney to send him his case file so he can properly review his PSR "for the purpose of this appeal" and file a supplement to his § 2255 motion. Defendant's motion is untimely, so his request to stay the case and get the case file is moot. Regardless, as explained above, defendant's sworn testimony at his sentencing hearing was that he had already reviewed the PSR. Defendant's request is denied as moot.

### IV.  Evidentiary Hearing

A court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). "A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Cervantes-Samaniego*, Nos. 07-20099-JWL, 11-02486-JWL, 2012 WL 1788141, at *1 (D. Kan. May 17, 2012) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (citations omitted).

Defendant has not shown that an evidentiary hearing is warranted in this case. His motion was untimely, and even if it were not, defendant failed to show that his defense counsel was deficient or that he was prejudiced. The sentencing transcript directly contradicts defendant's claims that his attorney did not review the PSR with him prior to sentencing, and defendant agreed that there were no objections. Finally, defendant's third ground for relief falls within the scope of the waiver and is barred. Defendant is not entitled to an evidentiary hearing.

**V.     Certification of Appealability**

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 47) is denied.

**IT IS FURTHER ORDERED** that defendant's request to stay the case and order his attorney to give him the case file is denied as moot.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 11th day of June, 2014, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**