# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                        Case No. 12-20019-02-JWL

**Pablo Valdovinos Bravo,**

    **Defendant.**

## **MEMORANDUM AND ORDER**

This matter is presently before the court on defendant's motion for sentence reduction and other relief (doc. 70). In his motion, defendant seeks a sentence reduction pursuant to Amendment 782 as well as the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). He also seeks an order directing the Bureau of Prisons to recalculate his sentence pursuant to section 102(b)(1) of the First Step Act of 2018, which amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. As will be explained, the motion is denied in part and dismissed in part.

To the extent defendant seeks relief under Amendment 782, the motion is denied because he has already received a sentence reduction pursuant to Amendment 782 and he is not eligible for further reduction. *See* Doc. 69 (reducing sentence from 189 months to 151.5 months pursuant to Amendment 782).

Defendant is not entitled to a sentence reduction under the First Step Act of 2018. While the First Step Act retroactively applies the Fair Sentencing Act of 2010, the only substance

contemplated in the Fair Sentencing Act is cocaine base. *See* First Step Act § 404(a), 132 Stat. 5194, 5222. Defendant was not charged or convicted of any offenses relating to cocaine base. Section 403 of the First Step Act, which is not retroactive, prohibits applying the 25-year mandatory term of imprisonment for a second or subsequent § 924(c) conviction if the first § 924(c) conviction was not final when the second or subsequent offense was committed. 132 Stat. 5194, 5221-22. That section, then, does not apply because defendant was not convicted of a § 924(c) violation and did not receive an enhanced sentence based upon a prior § 924(c) conviction.

The court turns, then, to defendant's request for an order directing the BOP to recalculate his good-time credit. This aspect of defendant's motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 rather than as a post-judgment motion in defendant's criminal case. *See United States v. Yates*, 2019 WL 1779773, at *2 (D. Kan. Apr. 23, 2019) (court construed defendant's motion under the FSA for time served, claiming that the BOP must recalculate his good time credits and give him 26 extra days credit, as a § 2241 habeas petition since defendant was challenging the BOP's computation of his good time credits) (citing *Warren v. United States*, 707 Fed. Appx. 509, 511 n.4 (10th Cir. 2017) ("If . . . a prisoner seeks to challenge certain 'matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a § 2241 application rather than a § 2255 motion.")); *accord United States v. Parrett*, 2019 WL 1574815, at *2 (E.D. Wis. Apr. 11, 2019) ("[W]hen the good-time provisions of the [First Step Act] do go into effect, the proper vehicle for [the prisoner] to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus

under . . . § 2241."); *Rizzolo v. Puentes*, 2019 WL 1229772, at *2 (E.D. Cal. Mar. 15, 2019) (findings and recommendation) (reasoning that prisoner properly brought claims under § 2241 based on BOP's purported failure to calculate his sentence in light of the First Step Act and his contention he should receive more time in a halfway house or home confinement).

A § 2241 petition must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him. *See Lee v. Oliver*, 574 Fed. Appx. 846, 846-47 (10th Cir. Sept. 3, 2014); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Defendant is incarcerated at the Taft Correctional Institution in Taft, California, in the Eastern District of California. The District of Kansas is not defendant's district of confinement and, accordingly, the court lacks jurisdiction over the motion. Moreover, because defendant has not actually filed a petition under § 2241 or paid the $5 filing fee (but, rather, has simply filed a motion in his closed criminal case), the court cannot transfer the motion to the Eastern District of California. He must file a § 2241 petition, wholly separate from his criminal case, in the United States District Court for the Eastern District of California. This aspect of defendant's motion, then, is dismissed..

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for sentence reduction (doc. 70) is denied in part and dismissed in part.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2020, at Kansas City, Kansas.

                                                              s/ John W. Lungstrum
                                                              John W. Lungstrum
                                                              United States District Judge